Electronically FILED by Superior Court of California, County of Los Angeles on 11/27/2019 04:19 PM Sherri R. Carter, Executive Officer/Clerk of Court, by T. Rhodes, Deputy Clerk
19TRCV01072

**BELAL HAMIDEH LAW, P.C.**
BELAL HAMIDEH, ESQ., SBN: 287248
EURYDICE HARRIS, SBN: 325342
111 W. OCEAN BLVD. STE 424
LONG BEACH, CA 90802
TEL. (562) 276-2140
FAX. (562) 309-8100
EMAIL. info@belalhamidehlaw.com

Attorneys for PLAINTIFF

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| Norma Castrejon,<br><br>Plaintiff,<br><br>Vs.<br><br>Nissin Foods (U.S.A.) Company, Inc.; Catherine Rodriguez; Jon Flores; and Does 1 to 25 inclusive,<br><br>Defendants. | Case No.: 19TRCV01072<br>**COMPLAINT**<br>1. Unlawful Discrimination Based on Cal. Gov. Code § 12940;<br>2. Wrongful Termination in Violation of Public Policy;<br>3. Wrongful Termination-Retaliatory Termination [Govt. Code § 12940(h)];<br>4. Violation of *California Government Code* § 12940 (m) – Wrongful Termination Failure to Accommodate;<br>5. Violation of *California Government Code* § 12940 (n) – Wrongful Termination Failure to Engage in the Interactive Process;<br>6. Violation of Business and Professions Code Section 17200, *et seq.* – Unfair Business Practices; *Labor Code* §§ 1199, 2699.5<br>7. Failure To Pay All Wages Due Including Overtime Compensation (Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 206, 207, 216; Cal. Lab. Code §§ 1194, 510).<br>8. Failure to Provide Meal and Rest Periods or Compensation in Lieu Thereof (Labor Code §§ 512, 226.7; IWC Wage Order 4-2001; Cal. Code Regs., Title 8, § 11070);<br>9. Failure to Provide Itemized Wage Statements (Labor Code § 206)<br>10. Harassment in Violation of Government Code Sec. 12940(J);<br>11. Failure to Investigate and Prevent Discrimination and Harassment in the Workplace in Violation of 12940(K);<br>12. Hostile Work Environment;<br>**DEMAND FOR JURY TRIAL** |

COMPLAINT
1

COMES NOW Plaintiff, Norma Castrejon, and for her causes of action against Defendant Nissin Foods (U.S.A.) Company, Inc.; Catherine Rodriguez; Jon Flores; and DOES 1 to 25, alleges as follows:

1. The allegations in this Complaint, stated on information and belief, have evidentiary support, and are likely to have further evidentiary support after reasonable opportunity for ongoing investigation and discovery.

2. This action is brought by Plaintiff, Norma Castrejon, against Defendants, Nissin Foods (U.S.A.) Company, Inc, Catherine Rodriguez; Jon Flores; and DOES 1 to 25, and each of them, for damages sustained by Plaintiff, Norma Castrejon, based on Defendant Employer's wrongful actions.

## THE PARTIES

3. Plaintiff, Norma Castrejon, at all times relevant herein, was and is a resident of Los Angeles County, California.

4. Defendant Nissin Foods (U.S.A.) Company, Inc., is authorized to do business in the State of California and at all times mentioned herein, is an employer whose employees were and are engaged in employment throughout Los Angeles County, with its principal place of business at 2001 W Rosecrans Ave., Gardena, CA 90249.

5. Plaintiff is informed and believes and on the basis of such information and belief alleges that at all times Defendant Catherine Rodriguez was and is a resident of Los Angeles County in the State of California, and/or at all times mentioned in this Complaint was an agent, servant and/or employee of Nissin Foods (U.S.A.) Company, Inc. and working in a supervisory capacity.

6. Plaintiff is informed and believes and on the basis of such information and belief alleges that at all times Defendant Jon Flores was and is a resident of Los Angeles County in the State of California, and/or at all times mentioned in this Complaint was an agent, servant and/or employee of Nissin Foods (U.S.A.) Company, Inc. and working in a supervisory capacity.

///

7. That the true names and capacities, whether individual, corporate, associate or otherwise of each of the Defendants designated herein as a DOE are unknown to Plaintiff at this time, who therefore, sues said Defendants by fictitious names, and will ask leave of this Court for permission to amend this Complaint to show their names and capacities when the same have been ascertained. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated as a DOE is legally responsible in some manner for the events and happenings herein referred to, and caused injuries and damages thereby to Plaintiff, as alleged herein.

8. Unless otherwise individually referred to, whenever, in this Complaint, reference is made to "Defendants," such reference shall refer to all Defendants including DOE Defendants, collectively.

9. Plaintiff, on information and belief and upon such basis, alleges that at all times herein mentioned, each of the Defendants was acting as the agent, servant, and/or employee of each of the other Defendants, within the scope of said agency and employment.

10. That during the times and places of the incident in question, Defendant, and its agents, servants and employees became liable to Plaintiff for the reasons described in the complaint herein, and thereby proximately caused Plaintiff to sustain damages as set forth herein.

11. Plaintiff, on information and belief and upon such basis, alleges that all Defendants carried out a joint scheme, business plan or policy in all respects pertinent hereto and all acts and omissions herein complained of were performed within the course and scope of said employment, service, agency, common scheme, plan and/or policy.

12. Plaintiff, on information and belief and upon such basis, alleges that Defendant's founders, owners, shareholders, executive officers, managers, and supervisors directed, authorized, ratified and/or participated in the conduct that gives rise to the claims asserted herein and derived personal financial benefit from such conduct at the expense of Plaintiff.

///

## JURISDICTION AND VENUE

13. Pursuant to *Code of Civil Procedure* § 410.10, this Court has jurisdiction over Defendant because each Defendant is a person or business entity that is a resident and/or business entity that is established, incorporated and/or has sufficient minimum contacts with the State of California so far as to render exercise of jurisdiction over Defendants consistent with traditional notions of fair play and substantial justice. Further, damages exceed the jurisdictional minimum of this Court.

14. Venue is proper in this Court, pursuant to *Code of Civil Procedure* § 395.5, because Defendant's obligations and liabilities to Plaintiff arose in the County of Los Angeles, California.

## GENERAL ALLEGATIONS

15. Plaintiff is informed and believes that Defendant owns, manages, employs, and/or operates the company Nissin Foods (U.S.A.) Company, Inc.

16. Plaintiff was employed by Nissin Foods (U.S.A.) Company, Inc. through Prime Personnel as a temporary employee in 2007. She was then hired directly by Nissin Foods (U.S.A.) Company, Inc. as a Coordinator, starting approximately in 2009. In January 2016, Plaintiff took medical leave from her position. When she returned in September 2017, she was transferred to Customer Affairs as a Customer Service Representative

17. In September 2017, Plaintiff was assigned to her supervisor, Jon Flores, and her manager, Catherine Rodriguez. From this date through the end of Plaintiff's employment on July 23, 2018, Catherine Rodriguez was Plaintiff's manager and Jon Flores was Plaintiff's supervisor.

18. Plaintiff's employment contract with Defendant was for an indefinite period. Said employment contract was reinforced and amplified by certain written personnel practices, memoranda, policies, and procedures/practices of Defendant based upon which Plaintiff had a reasonable expectation of continued employment with discharge only for good cause proven. These written policies and actual practices expressly limited the grounds for discharge and created self imposed mandatory pre-termination steps and

procedures. Plaintiff reasonably expected to be protected by, and to benefit from, these policies and practices before any termination occurred. Plaintiff also expected, based upon the policies, practices, and express and implied promises of Defendant, to be protected by a thorough, fair and complete investigation before any discipline or termination by Defendant. These policies and practices along with the events, conduct, and promises described herein created Plaintiff's reasonable belief that Plaintiff could be terminated only for good cause.

19. Defendants Catherine Rodriguez and Jon Flores subjected Plaintiff to ridicule with the knowledge of her employer, Nissin Foods (U.S.A.) Company, Inc., which did nothing to prevent the continuous hostile work environment.

20. Defendants' aforementioned harassment and discrimination against Plaintiff was continuous from September 2017 through July 23, 2018.

21. In July of 2018, Defendant Catherine Rodriguez called Plaintiff "B****" (expletive) and slammed a paper on Plaintiff's desk within the earshot of Jon Flores and other company employees. As a direct result of this incident, Plaintiff had a panic attack at work and was referred to the emergency room.

22. Within the aforementioned time frame, Defendant Catherine Rodriguez continuously yelled at Plaintiff and criticized her, calling her "useless" on multiple occasions.

23. Defendants' aforementioned treatment of Plaintiff resulted in her having multiple panic attacks both during and after her employment at Nissin Foods (U.S.A.) Company, Inc.

24. Beginning in approximately 2012 and as a result of her regular job duties, Plaintiff began to experience pain in her right wrist. On or about June 15, 2015, Plaintiff reported pain in her right arm, right wrist and right hand to her supervisor and sought medical care. After this, her employer modified her responsibilities by not allowing her to use her right arm. As a result of the employer's forcing her to work with her non-dominant hand, Plaintiff sustained further injury in her left arm. December 2016, Plaintiff was placed on Temporary Disability as a result of injuries sustained during the course of her normal job duties. In January of 2017, Plaintiff had Carpal Tunnel surgery. When

plaintiff returned to work, she found she had been demoted to a position with a lower salary, higher workload, and extended hours. The increased workload exacerbated the symptoms of her disability. Additionally, Plaintiff was harassed, abused, and belittled by her immediate supervisor. This created a stressful and hostile working environment. When Plaintiff reported this to Human Resources, she was told that they would remedy this issue. Days later, Plaintiff was terminated. Plaintiff filed a worker's compensation claim. (It is specifically illegal to retaliate against such a filing per Labor Code Section 132 (a).)

25. Defendant failed to make reasonable accommodation, failed to engage in interactive process, and made no suitable efforts to return the Plaintiff to the workplace. Instead, the Defendant terminated Plaintiff, a long-term employee, solely because of her disability. Plaintiff believes and alleges that Defendant terminated her employment for her having taken medical leave and requested accommodation due to her injury, as well as in retaliation for her having reported to Human Resources. Plaintiff is informed and believes that the procedures used for her termination violate the Defendant's own policies and procedures as to reprimand and termination.

26. Plaintiff has not been on probation or suspension prior to her injuries.

27. Plaintiff had consistently received good evaluations and had been with employer for many years.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

28. Plaintiff has filed a complaint against each named Defendant with the California Department of Fair Employment and Housing ("DFEH") pursuant to section 19200, *et seq*, of the California Government Code, alleging the claims described in this complaint. The DFEH issued a "right to sue" letter. A true and correct copy of the administrative complaint and "right to sue letter" are attached hereto as Exhibit "A". The action is filed within one year of the date that the DFEH issued its right to sue letter and is timely.

///
///

# FIRST CAUSE OF ACTION

## Unlawful Discrimination Based on Violation of *California Government Code* § 12940

*(By Plaintiff against NISSIN FOODS (U.S.A.) COMPANY, INC.)*

29. Plaintiff re-alleges and incorporates the preceding paragraphs, as though set forth here.

30. At all times herein set forth, *California Government Code* § 12926(d) provides "'Employer' includes any person regularly employing five or more persons, or any person acting as an agent of an employer, directly or indirectly, the state or any political or civil subdivision of the state, and cities . . ....."

31. Defendant employs more than 5 employees. Defendant violated Cal. Gov. Code § 12940. Defendant discriminated against Plaintiff as a result of her having taken time off from work for medical leave in order to attend to her health. As a result of Defendant's acts, Plaintiff has suffered and will continue to suffer damages, including lost wages, lost benefits, as well as other pecuniary and physical and emotional injuries. The amount of Plaintiff's damages will be ascertained at trial.

32. Plaintiff is a member of a class protected from physical disability discrimination; namely, those with conditions and symptoms requiring disability leave and medical treatment, sometimes during working hours. Plaintiff suffers, or is perceived by Defendant to suffer, from physical disabilities that limit major life activities, including work. Defendant discriminated against Plaintiff in the terms, conditions and existence of Plaintiff's employment based on Plaintiff's disabilities. Defendants' misconduct violated Government Code § 12940, including subsection (a).

33. Defendant failed to take all reasonable steps to prevent disability discrimination against Plaintiff in violation of Govt. Code § 12940, including subsection (m). Defendant made improper inquiry into the details and severity of Plaintiff's Disability, in violation of Government Code § 12940, including subsection (f).

34. In committing the foregoing acts, Defendant is guilty of oppression, fraud, and/or malice under California Civil Code Section 3294, thereby entitling Plaintiff to punitive damages

in an amount to be proven at trial. Defendant's employees committed the acts of oppression, fraud, and/or malice. Defendant had advance knowledge of each employee who acted with oppression, fraud, and/or malice, and/or authorized or ratified the wrongful conduct for which an award of punitive damages is sought. The advance knowledge and conscious disregard, authorization, ratification, or act of oppression, fraud and/or malice, was committed by or on part of an officer, director, or managing agent of each of the defendant employer. Therefore, Plaintiff is entitled to punitive damages against Defendant.

35. FEHA provides for an award of reasonable attorneys' fees and costs incurred by a prevailing Plaintiff in an action brought under its provisions. Plaintiff has employed and will continue to employ attorneys for the initiation and prosecution of this action. Plaintiff has incurred and will continue to incur attorneys' fees and costs. Plaintiff is entitled to an award of reasonable attorneys' fees and costs since Defendant Employer discriminated against Plaintiff due to her disability, pregnancy status, her need to go to a doctor and the fact that she informed Defendant about the incident at workplace.

## SECOND CAUSE OF ACTION
### Wrongful Termination in Violation of Public Policy
*(By Plaintiff against NISSIN FOODS (U.S.A.) COMPANY, INC.)*

36. Plaintiff incorporates by reference and re-alleges, as if fully stated herein, the material allegations set out in paragraphs 1 through 27 of this Complaint.

37. "Public policy" has been defined broadly to mean "that principle of law which holds that no citizen can lawfully do that which has a tendency to be injurious to the public or against the public good" [*Petermann v. International Brotherhood of Teamsters* (1959) 174 Cal. App. 2d 184, 188, 344 P.2d 25]. An employer discharging an employee's employment based on the employee's health is a violation of Public Policy because remedies for "medical leave discrimination" are supported by either constitutional or statutory provisions; they inure to the benefit of the public at large rather than serving merely the interests of the individual; are articulated at the time of the discharge; and

California's policy against medical leave discrimination is "substantial and fundamental."

38. Plaintiff alleges that the reason as to why she was terminated from her employment was solely due to the fact that she needed to go to a doctor due to her health issue, and also because she suffered work injury and for no other reason. Thus, termination was based upon Plaintiff's medical condition. Therefore, Plaintiff alleges that Defendant has terminated Plaintiff's employment in violation of Public Policy. Plaintiff alleges that as a direct and proximate result of Defendant's wrongful conduct (Plaintiff's employment being terminated on the above described bases); Plaintiff has now sustained monetary damages and severe emotional distress in an amount according to proof.

39. Each of the wrongful and deliberate acts committed by Defendant, as herein alleged, were acts that constitute oppression and malice because they were committed with the sole intent to discharge Plaintiff from her employment due to her medical condition, medical leave status, pregnancy, and for requesting accommodation.

40. Plaintiff is informed and believes and thereon alleges that each of the oppressive and malicious acts committed by Defendant, as herein above alleged, were committed and/or ratified by Defendant and its directors, officers, managing employees, and therefore, Plaintiff is entitled to an award of punitive damages against Defendant.

## THIRD CAUSE OF ACTION

**Violation of *California Government Code* § 12940(h) Wrongful Termination-Retaliatory Termination**

*(By Plaintiff against NISSIN FOODS (U.S.A.) COMPANY, INC.)*

41. Plaintiff incorporates by reference and re-alleges, as if fully stated herein, the material allegations set out in paragraphs 1 through 40 of this Complaint.

42. Defendant retaliated against Plaintiff in the terms, conditions and existence of Plaintiff's employment after Plaintiff opposed practices of Defendants forbidden by FEHA, Govt. Code §§ 12900-12996, including but not limited to Govt. Code §§ 12940, 12945.2

(employment discrimination). Defendants' retaliation violated Govt. Code § 12940, including subsection (h).

43. During her employment at Nissin Foods (U.S.A.) Company, Inc., Plaintiff asked for time off to see a doctor. Defendant was aware that Plaintiff would need time off to attend to her injury. The protected activity of Plaintiff was a motivating factor for the adverse employment decisions and actions by Defendant.

44. Defendants' wrongful conduct proximately caused Plaintiff to suffer general and special damages in an amount to be proven.

45. Under Labor Code § 6310 Plaintiff is entitled to injunctive relief including reinstatement and reimbursement of lost wages and benefits.

46. Plaintiff has been required to hire Belal Hamideh Law, P.C., and is entitled to recover reasonable attorney fees.

47. Plaintiff alleges that Defendant's terminating her and giving her a harder job with more hours and less pay after she requested time off to see a doctor and requested accommodation, was done with malice and oppression because they were meant to retaliate against Plaintiff for having exercised her right for medical leave. These oppressive and malicious acts, as herein above alleged, were committed by Defendant through its Directors, Officers, Managing Employees, were ratified by Defendant.

48. Plaintiff is entitled to damages in an amount according to proof at trial and punitive damages in an amount sufficient to deter and punish Defendants and each of them pursuant to Civil Code § 3294.

## FOURTH CAUSE OF ACTION

**Violation of *California Government Code* § 12940 (m) – Wrongful Termination**

**Failure to Accommodate**

*(By Plaintiff against NISSIN FOODS (U.S.A.) COMPANY, INC.)*

49. Plaintiff incorporates by reference and re-alleges, as if fully stated herein, the material allegations set out in paragraphs 1 through 48 of this Complaint.

///

50. Defendant failed to make reasonable accommodations for the disabilities of Plaintiff, but instead terminated her employment. This violated Govt. Code § 12940, including subsection (m).

51. Defendant failed to take all reasonable steps to prevent disability discrimination against Plaintiff in violation of Govt. Code § 12940, including subsection (m).

52. Defendant's wrongful conduct proximately caused Plaintiff to suffer general, special and statutory damages in an amount to be proven. Plaintiff has been required to hire Belal Hamideh Law, P.C., and is entitled to recover reasonable attorney fees.

53. Plaintiff alleges that Defendant's refusal to grant Plaintiff accommodations and terminating Plaintiff were acts that constitute oppression and malice because they were committed with the sole intent of depriving Plaintiff of being employed and causing injuries to Plaintiff. These oppressive and malicious acts, as herein above-alleged, were committed by Defendant through its Directors, Officers, Managing Employees, were ratified by Defendants and each of them at the time these acts were being committed. Therefore, Plaintiff is entitled to damages in an amount according to proof at trial and punitive damages in an amount sufficient to deter and punish Defendant pursuant to Civil Code § 3294.

54. Plaintiff alleges that as a direct and proximate result of Defendant's wrongful conduct (Plaintiff being terminated based on her disability and not providing accommodation), Plaintiff has now sustained monetary damages and severe emotional distress in an amount according to proof.

## FIFTH CAUSE OF ACTION

**Violation of *California Government Code* § 12940 (n) – Wrongful Termination**

**Failure to Engage in the Interactive Process**

*(By Plaintiff against NISSIN FOODS (U.S.A.) COMPANY, INC.)*

55. Plaintiff incorporates by reference and re-alleges, as if fully stated herein, the material allegations set out in paragraphs 1 through 54 of this Complaint.

///

56. Plaintiff had health issues and needed to go to a doctor and required accommodation. Defendant failed to engage in a timely, good faith, interactive process with Plaintiff to determine effective, reasonable accommodations for her disability, when they failed to give Plaintiff work according to her restrictions. This violated Govt. Code § 12940, including subsection (n).

57. Defendant's wrongful conduct proximately caused Plaintiff to suffer general, special and statutory damages in an amount to be proven. Plaintiff was forced to hire Belal Hamideh Law, P.C., and is entitled to recover reasonable attorney fees.

58. Plaintiff alleges that Defendant refused to acknowledge and accept her work injury, to grant Plaintiff medical leave, and to accommodate her for her work restriction, but instead terminated Plaintiff. Such acts constitute oppression and malice because they were committed with the sole intent of depriving Plaintiff of receiving proper medical care and also deprive her of being employed and causing injuries to Plaintiff. These oppressive and malicious acts, as herein above-alleged, were committed by Defendant through its Directors, Officers, Managing Employees, and ratified by Defendant. Therefore, Plaintiff is entitled to damages in an amount according to proof at trial and punitive damages in an amount sufficient to deter and punish Defendant. Therefore, Plaintiff is entitled to damages in an amount according to proof at trial and punitive damages in an amount sufficient to deter and punish Defendant pursuant to Civil Code § 3294.

59. Plaintiff alleges that as a direct and proximate result of Defendant's wrongful conduct (Plaintiff being terminated based upon her disability and not providing accommodations), Plaintiff has now sustained monetary damages and severe emotional distress in an amount according to proof.

///
///
///
///

## SIXTH CAUSE OF ACTION

**Violation of *Business and Professions Code* 17200, et seq. – Unfair Business Practices**

*(By Plaintiff against NISSIN FOODS (U.S.A.) COMPANY, INC.)*

60. Plaintiff incorporates by reference and re-alleges, as if fully stated herein, the material allegations set out in paragraphs 1 through 59 of this Complaint.

61. Plaintiff had health issues and needed to see a doctor and also suffered from a work injury and required accommodation. Defendant's conduct, as alleged herein, including discrimination, and wrongful termination and retaliatory termination, have been and continues to be, unfair, unlawful, and harmful to Plaintiff and to the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5. Disability accommodation is a protected right.

62. Defendant's activities as alleged herein are in violation of California law, and constitute unlawful business acts and practices in violation of Business and Professions Code section 17200, et seq.

63. Plaintiff has been personally aggrieved by Defendants' unlawful business acts and practices as alleged herein, including, but not necessarily limited to, the loss of money or property.

64. Pursuant to Business and Professions Code section 17200, et seq., Plaintiff is entitled to restitution of the wages withheld and retained by Defendant during a period that commences four (4) years prior to the commencement of this action; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff an award of attorneys' fees pursuant to Code of Civil Procedure section 1021.5 and other applicable law; and an award of costs.

65. A violation of Business and Professions Code section 17200, et seq. may be predicated on the violation of any state or federal law. In the instant case, Defendants have violated California Labor Laws as mentioned herein. The monies that would have been paid to Plaintiff but for her wrongful termination should be deemed held in trust by Defendant

and be subject to disgorgement. Further, Plaintiff is entitled to injunctive relief, restoring all job rights, benefits and seniority.

### SEVENTH CAUSE OF ACTION

**Violation of Fair Labor Standards Act of 1938 (FLSA), et seq. – Failure to Pay all Wages Due Including Overtime Wages**

*(By Plaintiff against NISSIN FOODS (U.S.A.) COMPANY, INC.)*

66. Plaintiff incorporates by reference and re-alleges, as if fully stated herein, the material allegations set out in paragraphs 1 through 65 of this Complaint.

67. During Plaintiff's employment with Defendant, Plaintiff regularly was required to work, and did work, more than eight hours per day and more than 40 hours per week. From approximately September 2017 to July 23, 2018, Plaintiff worked over 40 hours per week, in an amount to be ascertained according to proof at trial. Despite working extensive hours, Defendants paid Plaintiff an insufficient wage per hour of work, in an amount according to proof at trial.

68. Defendants, and each of them, failed to pay Plaintiff minimum wage, overtime, and double overtime due to her pursuant to the FLSA and California Labor Code. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff is entitled to recover the unpaid balance of wages owed, penalties, plus interest and reasonable attorneys' fees and costs of suit.

69. Defendants, jointly and severally, owe Plaintiff an amount according to proof at trial in unpaid regular, overtime, and double overtime wages.

70. Defendants, jointly and severally, owe Plaintiff an amount to be ascertained according to proof at trial in FLSA penalties for unpaid wages and overtime.

///
///
///
///

## EIGHTH CAUSE OF ACTION

**Failure to Provide Meal and Rest Periods or Compensation in Lieu Thereof in Violation of Labor Code §§ 512, 226.7; IWC Wage Order 4-2001; Cal. Code Regs., Title 8, § 11070**

*(By Plaintiff against NISSIN FOODS (U.S.A.) COMPANY, INC.)*

71. Plaintiff incorporates by reference and re-alleges, as if fully stated herein, the material allegations set out in paragraphs 1 through 70 of this Complaint.

72. During the entirety of Plaintiff's employment with Defendant Nissin Foods (U.S.A.) Company, Inc., Defendant routinely failed to provide Plaintiff with uninterrupted meal and rest periods during her work shifts and failed to compensate Plaintiff for missed meal and rest periods, as required by California Labor Code § 226.7.

73. As alleged herein, Plaintiff has not been exempt from the meal and rest period requirements as enumerated in the IWC Wage Orders and California Labor Code.

74. As a proximate result of Defendant's wrongful conduct, Plaintiff has been deprived of her rightfully earned compensation for meal and rest periods for a period of days according to proof at trial. Plaintiff is therefore entitled to recover an amount according to proof in meal period penalties and an amount in rest period penalties which will be ascertained according to proof.

## NINTH CAUSE OF ACTION

**Failure to Provide Meal and Rest Periods or Compensation in Lieu Thereof in Violation of Labor Code §§ 512, 226.7; IWC Wage Order 4-2001; Cal. Code Regs., Title 8, § 11070**

*(By Plaintiff against NISSIN FOODS (U.S.A.) COMPANY, INC.)*

75. Plaintiff incorporates by reference and re-alleges, as if fully stated herein, the material allegations set out in paragraphs 1 through 74 of this Complaint.

76. California Labor Code § 226 provides that an employer shall provide its employees with accurate wage statements including the wages earned and the hours worked:

> (a) Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate

itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee[.]

77. By causing Plaintiff to work without compensation, Defendants have violated the requirement that the total hours worked and all wages earned be included in the wage statement that must be provided to Plaintiff.

78. Plaintiff was damaged by these failures because, among other things, these failures led her to believe that she was not entitled to be paid overtime, even though she was so entitled and because these failures hindered her from determining the amounts of overtime wages owed to her.

79. By virtue of Defendants' knowing, intentional, and unlawful failure to provide accurate wage statements, Plaintiff has suffered, and will continue to suffer, damages in amounts which will be ascertained according to proof at trial.

## TENTH CAUSE OF ACTION

### Harassment in Violation of Government Code Sec. 12940(J)

*(By Plaintiff against all Defendants)*

80. Plaintiff incorporates by reference and re-alleges, as if fully stated herein, the material allegations set out in paragraphs 1 through 79 of this Complaint.

81. At all times relative to this complaint, Plaintiff was employed by Nissin Foods (U.S.A.) Company, Inc.

82. During the course of Plaintiff's employment with Nissin Foods (U.S.A.) Company, Inc., Plaintiff performed her job duties in a wholly satisfactory, competent and diligent manner.

83. During the course of Plaintiff's employment, Defendants created a hostile, intimidating and offensive work environment by engaging in the conduct described herein above.

84. Said conduct was unwelcomed.

85. The conduct of Defendants constitutes unlawful harassment and was based on Plaintiff's actual or perceived race and/or national origin, in violation of FEHA.

///

86. Plaintiff is informed and believes and thereon alleges that Nissin Foods (U.S.A.) Company, Inc. ratified the conduct of Defendant CATHERINE RODRIGUEZ by, among other things, failing to hold accountable for the unlawful acts each one of them committed. The ratification was by Defendant JON FLORES, who was an officer, director, or managing agent of Nissin Foods (U.S.A.) Company, Inc., and was working in a supervisory capacity.

87. As a direct and proximate result of Defendants' harassment against Plaintiff, Plaintiff has suffered and continues to suffer damages, in the form of lost wages and other employment benefits, and emotional and physical distress, the exact amount of which will be proven at trial.

88. In doing the acts set forth above, DEFENDANTS knew the conduct they were requiring PLAINTIFF to endure was unlawful. Notwithstanding, and with this knowledge, Defendants despicably and continuously subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's. This oppressive conduct was committed by DEFENDANTS Catherine Rodriguez and Jon Flores, both managing agents of Nissin Foods (U.S.A.) Company, Inc., and working in a supervisory capacity. Defendants' conduct warrants the assessment of punitive damages.

89. As a further direct and proximate result of Defendant's conduct, Plaintiff was caused to and did employ the services of counsel to prosecute this action, and is accordingly entitled to an award of reasonable attorneys' fees and costs according to proof.

### ELEVENTH CAUSE OF ACTION

**Failure to Investigate and Prevent Discrimination and Harassment in the Workplace in Violation of 12940(K)**

*(By Plaintiff against NISSIN FOODS (U.S.A.) COMPANY, INC.)*

90. The allegations in paragraphs 1 through 89 are incorporated herein by this reference.
91. Under the Fair Employment and Housing Act ("FEHA"). Government Code §12940(k), it is unlawful employment practice for an employer to fail to take all reasonable steps necessary to prevent discrimination, harassment, and retaliation from occurring.

92. At all times mentioned, Plaintiff was an employee of Nissin Foods (U.S.A.) Company, Inc.
93. Plaintiff was subjected to continuous harassment because of her disability.
94. Nissin Foods (U.S.A.) Company, Inc. failed to take all reasonable steps necessary to prevent discrimination, harassment, and retaliation from occurring in violation of FEHA.
95. As a direct and proximate result of Defendant's failure to investigate and prevent discrimination and harassment, Plaintiff suffered (a) humiliation, serious mental anguish, and emotional and physical distress; and (b) loss of past and future wages, and employment benefits and opportunities, on account of which Plaintiff is entitled to compensatory damages in an amount to be determined at trial.
96. Defendants' conduct was a substantial factor in causing Plaintiff's harm.
97. As a further direct and proximate result of Defendant's conduct, Ms. Castrejon was caused to and did employ the services of counsel to prosecute this action, and is accordingly entitled to an award of reasonable attorneys' fees and costs according to proof.
98. Further, the conduct of Defendants was intentional, malicious, and oppressive, and intended to vex, harass, and harm Plaintiff such that Plaintiff is entitled to an award for punitive damages in an amount to be determined at trial.

## TWELFTH CAUSE OF ACTION

### Hostile Work Environment

*(By Plaintiff against all Defendants)*

99. The allegations in paragraphs 1 through 98 are incorporated herein by this reference.
100. In perpetrating the acts and omissions as described herein, Defendants, and each of them created an ongoing and continuous hostile work environment for Plaintiff based on her disability, and based on her complaints to the Human Resources department of Nissin Foods (U.S.A.) Company, Inc. Nissin Foods (U.S.A.) Company, Inc. subjected PLAINTIFF to, refused and failed to protect PLAINTIFF from and failed to take all

reasonable steps necessary to prevent discrimination, harassment, and retaliation from occurring in violation of California Government Code §12940.

101. As a direct and proximate result of Defendant's aforementioned unlawful acts, Plaintiff suffered (a) humiliation, serious mental anguish, and emotional and physical distress; and (b) loss of past and future wages, and employment benefits and opportunities, on account of which Plaintiff is entitled to compensatory damages in an amount to be determined at trial.

102. The above-described acts and omissions created an intolerable and discriminatory working environment, As a direct and proximate result of DEFENDANTS' unlawful conduct, PLAINTIFF has suffered and will suffer physical injury, pain and suffering, emotional distress, loss of earnings and other employment benefits attendant to PLAINTIFF'S constructive discharge. Plaintiff is thereby entitled to general and compensatory damages to be proven at trial.

103. Further, the conduct of Defendants was intentional, malicious, oppressive, and fraudulent and intended to vex, harass, and harm Plaintiff such that Plaintiff is entitled to an award for punitive damages in an amount to be determined at trial.

104. As a further direct and proximate result of Defendant's conduct, Ms. Castrejon was caused to and did employ the services of counsel to prosecute this action, and is accordingly entitled to an award of reasonable attorneys' fees and costs according to proof.

105. WHEREFORE, Plaintiff prays for judgment against Defendants, as set forth herein below.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues in this action triable by a jury, including but not limited to issues of liability and damages.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for relief on Plaintiff's causes of action as more specifically set forth in the individual causes of action:

1. For general and special compensatory damages, according to proof;
2. For statutory damages;
3. For payments pursuant to *California Code of Civil Procedure* § 338;
4. For reasonable attorney's fees and for costs of suit incurred herein pursuant to *Labor Code* §§ 218.5.
5. For reasonable attorney's fees that Plaintiff is entitled to recover pursuant to *Code of Civil Procedure* § 1021.5;
6. For exemplary and punitive damages;
7. For to injunctive relief including reinstatement and reimbursement of lost wages and benefits;
8. For such other and further relief as the court deems just and proper.

DATED: 11/26/19

_____
EURYDICE HARRIS
Attorney for Plaintiff, Norma Castrejon